UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELINDA HOLLAND,

                                            **Plaintiff,**

                v.                                        1:22-CV-688
                                                               (FJS/CFH)

CREATIVE ENVIRONMENTS, LLC,

                                            **Defendant.**
_____

**APPEARANCES**                                                   **OF COUNSEL**

**SHLIVKO YOUNG LLP**                       **SAM J. SHLIVKO, ESQ.**
30 Wall Street – 8th Floor
New York, New York 10005
Attorneys for Plaintiff

**KENNEY SHELTON LIPTAK NOWAK LLP**    **DANIEL CARTWRIGHT, ESQ.**
4615 North Street                                         **DAVID H. WALSH, IV, ESQ.**
Jamesville, New York 13078
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff commenced this negligence action against Defendant in New York State Supreme Court in Ulster County, seeking damages resulting from a fall that occurred at a resort that Defendant owned and operated.  *See* Complaint, Dkt. No. 2.  Defendant removed the action to this Court on the basis of diversity jurisdiction.  *See* Dkt. No. 1.  Pending before the Court is Defendant's motion for summary judgment.  *See* Dkt. No. 29.

## II. FACTS[1]

Defendant, a hospitality company, owns and operates a business located in Big Indian, New York, under the name Full Moon Resort.  *See* Dkt. No. 29-3, Defendant's Statement of Material Facts ("SMF"), at ¶¶ 2-3.  On September 21, 2021, Plaintiff attended a wedding at the resort and stayed in a guestroom there overnight.  *See id.* at ¶¶ 5, 8, 9.  The next morning, the wedding guests, including Plaintiff, attended a post-wedding breakfast at the resort.  *See id.* at ¶¶ 10-12.  Plaintiff served herself food from the buffet and coffee from a separate coffee station.  *See id.* at ¶¶ 14-15.  After consuming her breakfast, Plaintiff went back to the coffee station to pour herself a second cup of coffee.  *See id.* at ¶¶ 16-17.

As Plaintiff approached the coffee station, her "foot got trapped in the tablecloth and [she] flipped and fell hard on the ground."  *See id.* at ¶ 25.  While on the ground, Plaintiff noticed that her foot was wrapped in the "folds" of the "long" tablecloth that lay on the floor.  *See id.* at ¶¶ 25-26.  Henry Stout, the owner of the resort, found Plaintiff on the floor by the coffee station "almost immediately after [the incident] occurred," although he did not witness the incident.  *See id.* at ¶¶ 13, 30.  As a result of the fall, Plaintiff's femur was fractured, and she was taken to the hospital by ambulance, and then to another hospital via helicopter, to undergo surgery.  *See* Dkt. No. 29, Attachment 7, at 38:3-43:11.

---

[1] Unless otherwise noted, the facts are not in dispute.  Plaintiff failed to include a response to Defendant's Statement of Material Facts with her opposition to Defendant's motion for summary judgment in violation of Local Rule 7.1(b)(3).  Instead, Plaintiff filed an untimely response to Defendant's Statement of Material Facts five days after the deadline for its submission.  *See* Dkt. No. 35.  In response, Defendant requested that the Court *either* disregard the untimely response to its Statement of Material Facts *or* extend its time to file a reply in support of its motion for summary judgment by one week.  *See* Dkt. No. 36.  The Court granted Defendant's motion for a one-week extension, *see* Dkt. No. 28, and, accordingly, has considered Plaintiff's response.

### III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of showing that no genuine issue of material fact exists.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The movant may satisfy this burden "by pointing out the absence of evidence to support the non-movant's claims."  *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)).

Once the movant meets the initial burden, "the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 322-23, 106 S. Ct. 2548; *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997)).  Specifically, the non-moving party must cite to "particular parts of materials in the record" or show "that the materials cited [by the movant] do not establish the absence . . . of a genuine dispute" as to any material fact.  Fed. R. Civ. P. 56(c)(1).  The party opposing a motion for summary judgment "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998)) (other citation omitted), as "unsupported allegations do not create a material issue of fact," *Weinstein v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (citations omitted).  "Rather, the nonmoving party must present 'significant probative evidence tending to support the complaint.'"  *Smith v. Menifee*, No. 00 Civ. 2521 (DC), 2002 WL 461514, *3

(S.D.N.Y. Mar. 26, 2002) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

In reviewing the evidentiary record, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his [or her] favor." *L.B. Foster Co. v. America Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)) (other citation omitted); *see also Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001).  If, even when the record evidence is viewed in this light, the court finds that there is not "sufficient evidence favoring the nonmoving party for a [fact-finder] to return a verdict for that party," or if the evidence "is not significantly probative," a court may grant summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

## IV. DISCUSSION

Defendant argues that it is entitled to summary judgment because undisputed record evidence shows that it did not have actual or constructive notice of the alleged dangerous condition, it did not create the alleged defective or dangerous condition, the banquet-table linen was an open and obvious condition, and Plaintiff cannot prove that caused her to fall.  *See* Dkt. No. 29-1 at 2-11.  Plaintiff counters that Defendant created the dangerous condition – or, alternatively, that a question of fact remains as to whether Defendant created such condition – and that, even if the Court determined that the banquet-table linen was an open and obvious condition, such determination would not entitle Defendant to summary judgment.  *See* Dkt. No.

34-4 at 4-10.[2]  Additionally, Plaintiff contends that Defendant's argument that she cannot prove what caused her fall is frivolous.  *See id.* at 10-11.

Under New York law,[3] a plaintiff asserting a negligence claim must demonstrate "'(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'"  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quotation and other citation omitted).  "To make out a prima facie case of negligence in a slip and fall case under New York law, a plaintiff must demonstrate 'that defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act.'"  *Feis v. United States*, 394 F. App'x 797, 798 (2d Cir. 2010) (summary order) (quoting *Mercer v. City of New York*, 223 A.D.2d 688, 637 N.Y.S.2d 456, 458 (2d Dep't 1996) (internal quotation marks omitted)).  "To establish that a defendant created a dangerous condition or defect, a plaintiff must point to 'some affirmative act' on the part of the defendant." *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, *7 (S.D.N.Y. Jan. 15, 2016) (citations omitted).  Furthermore, although circumstantial evidence "may be sufficient to defeat a motion for summary judgment" if it creates an inference that the defendant created the condition through affirmative acts, "'a plaintiff cannot avoid summary judgment on this issue through mere

---

[2] Defendant responds that it is entitled to a determination that it lacked actual or constructive notice because Plaintiff "omitted discussion" of whether it had actual or constructive notice "and, instead, focused argument on whether [it] created a dangerous or defective condition."  *See* Dkt. No. 39 at 1-2.  The Court disagrees.  The foundation of Plaintiff's argument is that, because Defendant created the alleged dangerous or defective condition, she does not need to demonstrate actual or constructive notice.  *See* Dkt. No. 34-4 at 4-6; *see Gayman v. Pathmark Stores, Inc.*, No. 04-CV-07882, 2005 WL 1540812, at *3 (S.D.N.Y. June 30, 2005) ("'Where the defendant created the dangerous condition, actual notice is presumed.'" (quoting *Rose v. Da Ecib USA*, 259 A.D.2d 258, 260 (1st Dep't 1999))).

[3] Since jurisdiction over this matter is based on the parties' diversity of citizenship and the alleged acts occurred in New York, the parties ostensibly concede that New York law governs the substantive claim.  *See* Dkt. No. 29-1 at 1-3 (applying New York legal standard and substantive law); Dkt. No. 34-4 at 4-9 (same)).

speculation and conjecture regarding how a defendant may have created a particular hazard.'" *Id.* (quoting *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335 (JMA), 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009)) (other citation omitted).

In this case, because a genuine issue of material fact exists as to the creation of the dangerous condition, summary judgment is inappropriate. *See Feder v. Target Stores*, 15 F. Supp. 3d 253, 256 (E.D.N.Y. 2014) (citing *Ohlsson v. JBC Bowl Corp.*, 99-CV-0890, 2001 WL 1117162, *4 (W.D.N.Y. Sept. 14, 2001)). Construing the facts in the light most favorable to Plaintiff, evidence exists to support the inference that Defendant was responsible for the hazard. Indeed, Mr. Stout testified that Consuelo Ribes, one of Defendant's employees, placed the tablecloths on the tables, including the coffee station, on the date of the fall. *See* Dkt. No. 29-8 at 27:4-29:14. Moreover, although Mr. Stout claims that the tablecloths were "draped perfectly, *not touching the floor* but hanging half [an] inch to one inch off the floor," Plaintiff testified that the tablecloth extended onto the floor, which created a "fold" where her foot was tangled, causing her to fall and break her femur. *See* Dkt. No. 29-7 at 31:7-35:2; Dkt. No. 29-8 at 27:4-28:25 (emphasis added). In other words, it is undisputed that an agent of Defendant placed the tablecloth on the coffee station and it is undisputed that the tablecloth, if properly placed, would not be touching the ground – the parties simply disagree about whether the tablecloth was placed improperly, hanging on to the floor in a way that caused Plaintiff to fall.[4]

---

[4] Defendant invited the Court to focus on the persuasiveness of Plaintiff's proof, rather than whether the proof supports a *reasonable inference* that Defendant created the alleged dangerous condition. *See* Dkt. No. 29-1 at 7 (discussing a purported "lack" of evidence to corroborate Plaintiff's testimony)). The Court declines; to weigh the evidence that Plaintiff has presented would violate the Court's duties under the well-established standard of review. *See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) ("[The role of the court is] not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

As for causation, the facts in this case are distinct from the cases upon which Defendant relies in support of its argument that Plaintiff "cannot prove what caused her to fall." *See* Dkt. No. 29-1 at 7; *see Jones v. Lynch Schwab, PLLC*, No. 1:11-cv-616 (GLS/CFH), 2013 WL 5462919, *3-*4 (N.D.N.Y. Sept. 30, 2013) (discussing that plaintiff testified, when asked about what caused her to fall, that she "would imagine there was snow on the floor," despite also admitting she could not conclusively say whether there was actually snow or water on the floor); *Revesz v. Carey*, 86 A.D.3d 821, 823 (3d Dep't 2011) (discussing that plaintiff claimed that the yard where she fell had "small divots," which caused her to fall; however, she "specifically denied having observed any particular divots or irregularities in the lawn in the area where [she] fell"); *Barnes v. Di Benedetto*, 294 A.D.2d 655, 656-57 (3d Dep't 2002) (discussing that plaintiff, who claimed she slipped on ice and snow, "admitted that she did not see any water, snow or ice on the floor *before or after* her fall" (emphasis added)); *Dapp v. Larson*, 240 A.D.2d 918, 918-19 (3d Dep't 1997) (discussing that plaintiff assumed that a doormat caused her to fall because it was near her after she fell, but could not establish that the mat was in a position, before the fall, to be capable of causing her to fall). Indeed, here, Plaintiff testified that she did not see the tablecloth laying on the ground before she fell, however, immediately upon falling, she saw that her foot was *still tangled* in the tablecloth and, based on that observation, identified the tablecloth as the cause of her fall. *See* Dkt. No. 29-7 at 29:3-32:2).[5] Accordingly, Plaintiff's testimony regarding causation is not speculative because she specifically identified what she claims caused her fall based on her own observations.

---

[5] Defendant again asks the Court to consider the weight of Plaintiff's testimony because Plaintiff has not put forth corroborating witnesses, photographs, or video. *See* Dkt. No. 29-1 at 8. For the reasons already explained, it would be improper for the Court to weigh Plaintiff's evidence.

Finally, as for whether the tablecloth was an open and obvious condition, the parties disagree regarding whether the tablecloth was even on the ground, Plaintiff noticed the tablecloth the first time she approached the coffee station, Plaintiff was distracted as she approached the coffee station, and if she approached the coffee station from the same side both times. *Compare* Dkt. No. 29-3 at ¶¶ 21-23, 35 *with* Dkt. No. 35 at ¶¶ 21-23, 35. As such, questions of material fact remain and summary judgment is, therefore, inappropriate. *See Saltz v. Wal-Mart Stores Inc.*, 510 F. App'x 68, 69-70 (2d Cir. 2013) (summary order) ("'While the issue of whether a hazard is latent or open and obvious *is generally fact-specific and thus usually a jury question*, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence.'" (quoting *Tagle v. Jakob*, 97 N.Y.2d 165, 169, 737 N.Y.S.2d 331, 763 N.E.2d 107 (2001) (internal citations omitted) (emphasis added)).

## V. CONCLUSION

Accordingly, having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment, *see* Dkt. No. 29, is **DENIED**; and the Court further

**ORDERS** that the trial of this matter will commence on **September 16, 2024, at 10:00 a.m. in Syracuse, New York**. The Court will set forth the dates for pretrial submissions and for the Final Pretrial Conference in a separate Order.

**IT IS SO ORDERED.**

Dated: July 8, 2024
     Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge